Good morning. May it please the Court, Martin Buchanan appearing for the Appellant Frank Noori. This case arises under a 2013 law passed by the California Legislature to remove employment barriers for those with expunged criminal convictions. According to the author of this law, its intent was to break the revolving door cycle of crime by giving folks a fair chance at a job without the discrimination of having a criminal record. As enacted in 2013, this law now prevents employers from asking about, seeking, or using any information about expunged criminal convictions in making employment decisions including hiring and firing. We've alleged in our complaint that Mr. Noori was hired by Vivint in May 2015 to install alarm systems. At that time, Vivint was unaware of his expunged conviction. Vivint then learned of the expunged conviction by reviewing the substance of his application for registration as an alarm agent. It demanded that he produce the court records from the underlying conviction and ultimately it terminated his employment because of the expunged conviction asserting that he would be unable to get licensed when, in fact, he was licensed by the state. On appeal, Vivint doesn't I'm sorry. It's probably my failure here, but where does the word expunged come from in the statute? The statute itself does not use the word expunged. That's kind of the That's your addition to the statute or what? Well, Your Honor, I think that's the colloquial California term for what happens under 1203.4. People generally in California refer to it as expungement. But it's a dismissal is the way it actually works in court, right? It's a dismissal, yes. So what the statute says is that if you've pled guilty, it allows you to withdraw your plea of guilty and enter a plea of not guilty. If you've been convicted of trial, the court sets aside the verdict of guilty. The court then dismisses the accusation or information against you and the statute provides that you will then be released from all minor exceptions in the statute, things such as firearm possession, holding public office. So for those purposes, you still have a conviction. But for most purposes, you are no longer convicted of a crime. It's as if you And you don't, you're not even required to disclose it for most purposes, right? Correct, Your Honor. That's right. Let me ask you then, what we have here is this intersection between what we'll just call the expungement statute. Okay. Because it's easy to say. And the alarm company statute. Right. So under the alarm company act, if you work, you have to have either a temporary registration or a valid registration, correct? Yes. So at the time he applies to Vivant and they hire him, he doesn't have a registration, correct? At the time of his application, that's correct. Correct. And then the statute goes on to say that if you've been convicted of a crime prior to applying for a registration, that you don't get a temporary application and you can't work until you get a permanent, correct? Correct. And you can't have a temporary application. Normally, if you apply, you just carry your piece of paper around. Is that right? Yes. I mean, stick it in your pocket, and if somebody asks you, are you certified, you say, yeah, there I am. Yes. The application is your temporary registration. Is your temporary. Yes. But as I understand it, he can't have a temporary because he had been convicted of a crime prior to applying for that registration, correct? I agreed with you all the way up until that last point you just made. Okay. So everything you said other than the last point, I agree with the last point you don't agree with. Yes. Tell me where you don't agree. For two reasons, Your Honor. The first reason is that the language of that particular business and professions code provision, as you said, refers to being convicted of a crime. And he wasn't convicted of a crime because under 1203.4, his conviction was wiped out for virtually all purposes. And the case law in California says that because of the statutory language of 1203.4, saying that it removes all disabilities and penalties from the offense, the conviction may be treated as if it were not a conviction for most purposes. But then the application that you need to submit, which is supplied by the alarm company bureau or whatever you want to call it, it says when you write down convictions including those that have been dismissed, correct? True. And I guess I'd like to point out a key difference between the statutory language that you're referring to that says you have to include those and the statutory language of the other statute regarding temporary working as an alarm agent. The statutory language that says that the bureau gets to consider convictions even if there's been an expungement, that's business and it specifically has the language irrespective of a subsequent order under 1203.4. Whereas the other statute regarding temporarily working as an alarm company agent does not have that language. But don't you read the two together? The form is issued by the alarm company bureau, not the company, right? Not Vivant. The application form is issued by the Bureau of Security and Investigative Services. The form, the regulations require the employer to have blank copies of that form that they prefer. Sure. And then that's the one, the form, the official form issued by the bureau says it includes dismissed or expunged. Yes, it does. But there's nothing in the law that requires the employer, that requires that completed form to be routed through the employer. Well, it doesn't require. It was in this case, and I guess the question I have is, I mean, maybe this is just a slip-up by the legislature that it didn't consider this particular kind of situation. And I have a completely open mind on this case. I just have to tell you. But as a practical matter, in this case, Vivant did the application, well, first of all, Vivant provided the application to Noiri. Second, it was the one who took it back from him, saw the completed information, and then sent it on to the bureau. So Vivant was on notice that there was this conviction. Now, rightly or wrongly, should Vivant be in the position of having the risk of having an employee working on alarms who has a conviction and not knowing whether or not that conviction will prevent him from getting a license or not? And I think that's sort of the issue that kind of slipped through the Yes, so first of all, the key question that is before the court is whether the exception that Vivant is relying on is an exception that says the employer is required by law to obtain information regarding a conviction of an appellant. So Vivant was not required by law to take that completed application from Noiri. It could have given him the blank form and said, here you go, send this directly to the bureau. So the question is required by law. I understand they did that in this case. They weren't required by law to do so. The other point I would make is the employer can adopt policies by which it would completely comply with Labor Code 432.7 and all of the licensing requirements simply by saying, we will not even accept applications for employment unless you're already registered with the bureau. And the statute is clear. You don't have to already be employed to submit an application. So they could just say to all applicants, listen, if you want to work for us, first go get registered with the bureau, bring us your registration card, and then you can work as an alarm company agent. That would satisfy all of the requirements and that would bring Vivant and other similar companies into compliance with 432.7. And I see my time ticking down. No, that's fine, because we've had these questions. I mean, it's kind of a tricky little statute. It is. Let me ask you then, what relief is he seeking? Well, the statute, 432.7, provides for damages. It provides for treble damages for intentional violations, which we believe this was an intentional violation. And I guess that kind of highlights the last point I wanted to make. This is a remedial statute. Under California law, a remedial statute is supposed to be construed liberally in favor of those it's designed to protect, and conversely, of course, exceptions should be construed narrowly. So it seems to me Vivant is asking you to construe this required-by-law exception very, very broadly rather than narrowly. And instead, this statute should be construed liberally in favor of Mr. Nouri as the type of person for whom this protective law was designed to protect. So straighten me out on this. In which statute is the required-by-law? The required-by-law, to my understanding, this is the only exception that Vivant is relying on, and it's Labor Code Section 432.7, subdivision M1, which basically says the prohibitions of the statute don't apply if the employer is required by law to obtain information regarding a conviction of an applicant. And so, well, I'll ask Vivant this. How come it comes to believe that it's required by law to have this information? Okay. One last question, and maybe it's not in the record, or it is and I missed it, but that is, there's nothing in the record that says he went back to Vivant after this and said, now I have my piece of paper. There is nothing in the record that says that. Thank you, Your Honor. Can I ask one? Sure. I think this has already been asked, but I want to make sure. But as I understand it, the Alarm Company Act permits individuals to work with a temporary license while waiting for the bureau to render a decision for their application. Yes. Two, the Act prohibits temporary licensing of employees who have been convicted of a crime. That's correct. All right. How in the world does that all work together with your only solution being, well, have them apply and get their license, I mean, the employee or the want to be employee, how is that going to work? How does that affect the so-called temporary licensing? Wouldn't the company have to look at some point in time at what in the world the particular applicant is going to give to the BSIS? No, Your Honor, it never would. Well, your solution, as I understand it, and I'm confused maybe, but your solution was have them get their license first. What does that do to the temporary licensing provision? Yes. So let me be clear. Or the temporary employment provision. Yes. Let me be clear. I'm making two alternative arguments. The first argument I made was that Mr. Nury was not convicted of a crime within the meaning of that particular statutory provision. That the expungement meant he was not convicted of a crime and, therefore, he can work temporarily. So putting that aside, as an alternative argument, I was arguing. Okay. Go ahead. I was arguing that Viven and other employers in their position could simply adopt policies saying we won't even consider you as an applicant until you're actually registered. Okay. So, in other words, you would, in effect, wipe out the possibility of a temporary situation. As a practical matter, yes, that would. But there's nothing in the law that says that guarantees Viven the right to hire temporary workers. I mean, the statute does provide for that. But it doesn't say that even if that would violate Labor Code 432.7, you still have that right. I'm just saying that would be a way of reconciling the two statutes. All right. Thank you. Thank you. Good morning, Your Honors. Chet Cronenberg on behalf of Appellee Viven Inc. This appeal turns on a simple question. Was Viven required by law to obtain information about appellant's expunged conviction? If the answer is yes, Viven can't face any liability because Labor Code Section 432.7M1 exempts employers from the requirements of Section 432.7A, which is the section that appellant claims Viven violated. Right. So, what law requires Viven to obtain information about expunged convictions? There's two laws that requires Viven to obtain information about expunged convictions. And I'm going to start with Section 7598.7 of the Business and Professions Code. Let me get with you. 7598.7. 7598.7. All right. That section unambiguously. That's basically the Alarm Company Act? Yes. Okay. And that section unambiguously required Viven to look at appellant's answer to Question 10 of the BSIS form, which asks not just about prior convictions, but also prior expunged convictions, convictions subject to 203.4. And I want to walk through Section 7598.7. That would be helpful to me because I don't see where it requires Viven to look at the application. Okay. So, first we have Section 7598.7A. Okay. That section states, and I'm summarizing, that those who have not. Would you just tell me where the exact language is? That says you have to do. Right. Just the exact language in the section. The exact language is if you look at Section 7598.7B. Section B. Okay. The first sentence says that an employee who has been convicted of a crime can't be issued a temporary application and shall not be assigned to work as an alarm agent until the Bureau issues a permanent registration card. And a key sentence here, the key sentence here is the second sentence, which Appellant's Counsel sort of didn't discuss during the argument. But then it goes on to say that this subdivision shall apply only if the applicant for registration has disclosed the conviction to the Bureau on his or her application form. Again, the application form asked about convictions, including expunged convictions. Vivint had no way of knowing whether it could send an employee out into customers' homes unless it saw what the answer was to Question 10 of the BSIS form. And you can see the BSIS form in Excerpt of Record 35 or in Excerpt of Record 15, in which the Appellant alleges in his complaint that he answered yes to the question about expunged convictions. You know, in this case, because Appellant disclosed his expunged conviction on the BSIS form that the BSIS drafted and the BSIS asks about expunged convictions, Vivint couldn't assign the person to work as an alarm agent during dependency of the registration process. But what requires it to allow him to work as a temporary alarm company employee? Section 7598.7a, the first paragraph, says if the person hasn't been convicted of a crime, you can send the person out into the field. Right. But I guess what I'm saying is you don't have to hire temporary workers. You're not required by law to hire temporary workers. You may. You may. But you're not required by law to do so, right? I mean, Vivint. Vivint, not you. What Vivint's looking to do is to hire people to be alarm agents. And it doesn't have to just, I mean, I guess Vivint could say, to answer your question, it's yes. Vivint could say, listen, I'm only going to look for people to be alarm agents who are already registered with the BSIS. Then I don't have to go through any of this. But when someone comes to Vivint and says, I'm unregistered, the regulations kick in. And then Vivint has to do all sorts of things. And one of the things it has to do is to look at the BSIS form, see if the person's been convicted of a crime. But why does it have to look at the form? Because the second sentence of Section 7598.7b says that this subdivision shall apply only if the applicant for registration has disclosed the conviction to the Bureau on his or her application form. So does that require Vivint to look at the application form? Yes. Because if you look at the first sentence of that section, it says that the individual shall not be assigned to work as an alarm agent if they've been convicted of a crime. And then the second sentence says, how do you know if they've been convicted of a crime? You look at the application for the registration to determine whether they've disclosed the conviction to the Bureau on the application form. So the only answer to this is that, in your mind, that Vivint should the only answer to comply with both statutes is to not hire temporary employees, which maybe isn't in the best interest of anybody. But that's the only way that you can reconcile these two statutes? No. I don't think there's any conflict between any statutes. I think Section 432.7m1 provides an exception to the rule that you can't take an employment action based on an expunged conviction. There's an exception where an employer is required by law to obtain information about an expunged conviction. And if someone puts on their alarm agent application process they've been convicted, we're required by law to obtain information about the conviction. But what if they didn't apply to the Bureau? What if the employee doesn't apply to the Bureau through Vivint? So Vivint doesn't see the form? If the employee, before they ever got to Vivint, applied for an alarm agent application, got the permanent registration, Vivint doesn't have to do anything because the person's already registered. But here, the person was unregistered when they came to Vivint. What if the person sends in their application, applies, and goes to work for you, Vivint, and they haven't gotten their license yet? Would Vivint be required by this subsection to ask to see their application? Yes, because under the Business and Professions Code, Vivint can be liable for – Vivint can be subject to prosecution or loss of license if it sends someone out into customers' homes who are unregistered. Okay, and does that – does that also depend on how you define convicted of a crime? No, because if it wasn't – if you didn't have the second sentence of section 7598.7b, maybe you can adopt the argument that appellants' counsel made that, well, convicted of a crime, that doesn't include expunged convictions. But the problem with the appellant's argument is the second sentence of 7598.7b talks about just determine whether you've been convicted of a crime. You need to look at the application form, and the BSIS application form, right or wrong, mentions not just convictions, but they said you have to answer this question even if you have an expunged conviction. Of course, an argument against that would be, well, that's not what the statute says, and they may have dreamed up this form, but that their form is in contravention of the expungement law. I don't know if I even agree with that, because if you look at section 480 of the Business and Professions Code. Wait a minute. Which section? Section 480. Okay. You know, it says that the board may deny a license on certain grounds, and the first ground is whether – whether an employee has been convicted of a crime. And then it goes on at the end to say, irrespective of the subsequent order under the provisions of section 1203.4. So the way I read the statute. That's the dismissal statute? Yes, that's the expunged conviction statute. Expunged conviction statute, yes. So the way I look at this, the California legislature requires sort of the form. I don't know why I'm hedging. It does require the form, you know, to ask about expunged convictions. Now, just to be fair to appellant, you know, section C of section 480 says that a person shall not be denied a license solely on the basis of the conviction that is dismissed pursuant to section 1203.4. But certainly whether someone's been convicted of a crime is a factor that the Bureau looks at in determining whether to grant a license. And this public policy is important. You know, appellant's counsel made good public policy arguments about why, you know, why an expunged conviction should be secret during the alarm agent process. But, you know, the countervailing public policy is that before someone goes into customers' homes, even if their conviction has been expunged like appellant's domestic violence conviction, the state of California should vet that person. And the public policy is embedded in the statutes here. And the statutes here, you know, require Viven to look at the form to make sure that, you know, before you send someone into customers' homes, you've got to know whether the person is to be convicted of a crime or not. I think what really is troubling is that apparently he was fired two days before the board actually issued him a license. So the board, he is licensed to go into homes as an alarm company employee. You know, once, to answer that question, first of all, when Viven is required by law to obtain information about appellant's expunged conviction, Viven can take any employment action it wants with regard to the expunged conviction. So Viven is exempt from liability. But to answer your question on the facts, whether there's some equitable wrongdoing here, which I would say is irrelevant, but when you actually look at this, it takes, under the regulations, it takes one to eight months before, you know, to determine whether someone gets registered or not. So when appellant applied for the job, you know, Viven didn't know how long this process was going to take, and Viven terminated the person for unable to get licensed. And Viven could take whatever action it wanted. So he's not suing for anything after that action, correct? Right. And it actually, the person got the license on May 26th. We terminated him on May 18th. So it was like a week later. I mean, to clarify Judge McKeon's question, there's no wrongful termination claim here? No. The claim is just based on, you know, the taking an employment action based on. The statutory violation. Yes. Thank you. Okay. Thank you. Thank you. You used up all your time, but we'll give you another minute. Just to quickly clear up a couple of points, there is a wrongful termination claim for wrongful termination in violation of public policy, which is based on the same statute. But that's a separate cause of action. I think that Judge Wardlaw really put her finger on it by asking whether Viven was required by law to hire temporary workers. And that's the issue we're looking at is was the exception Viven is relying on is the exception that the employer is required by law to obtain information regarding a conviction of an applicant. Their only argument is that they're required to do so when they hire someone temporarily. But they've just admitted they're not required by law to hire temporary workers. Therefore, they're not required by law to seek information regarding an expunged conviction. I think that's the answer. But he wasn't required to apply for a temporary position either. I mean, you know, it sort of seems to me like a circular argument. Right, but Mr. I mean, he knew he didn't have the correct piece of paper to work. He wasn't applying for a temporary position. He was applying for a position as an alarm company agent. I understand. But he knew that he couldn't work without either a certification issued by the board, bureau, or in the case of were he to work before that, he knew he couldn't work if he had a conviction even if expunged. Correct? That's the part I disagree with. Right. Yeah. So but there was nothing. But just by giving that exception for temporary workers don't need  convicted of a crime. Indicates some kind of public policy or something that would encourage the hiring of temporary workers. And you're saying, well, the solution here is don't hire temporary workers. At least that's one of your arguments. Yes, that's one of my arguments. Correct. But the act itself anticipates their hiring temporary workers. It does anticipate it and it does allow it. But it doesn't require it by law. And that's the exception we're looking at here. All right. Thank you very much. Thanks to both of you for a very interesting argument and briefing. The case just argued is submitted.
judges: McKeown, Wardlaw, Quist